ELZE, Appellant, v. OHM et al., Respondents.

No. 753; December 27, 1865.

**Deed—Promise to Reconvey.—An Instrument in Terms a Deed of Warranty,** but given on an express promise by the grantee to re-deed at any time within one year therefrom on request by the grantor and a tender back of the consideration, is, in default of such request and tender within six years, to be regarded as a conveyance of the fee.

APPEAL from Fifteenth Judicial District, San Francisco County.

The suit was ejectment. The complaint was filed June 1, 1864, and in it the plaintiff alleged that on June 5, 1861, he had possessed and had been entitled to the possession of a described lot of ground in San Francisco; he alleged ouster and ejectment by the defendants on June 6, 1861, while he had so possessed, and unlawful detention of the premises from him, to his damage in the sum of five thousand dollars; also that the annual rents and profits of the premises were three thousand dollars in value, and that by the unlawful ouster he had suffered in that connection a loss of nine thousand dollars in addition to the other sum. These allegations were all denied in the answer. A motion was made for leave to amend the answer by setting up the statute of limitations as a bar to recovery, which motion was granted, the court refusing to impose as terms the condition that the plaintiff be allowed to amend the complaint by adding allegations to the effect that the defendant Ohm had entered as a mortgagee and ever since his entry had been receiving the rents and profits, by adding also an offer to pay the mortgage indebtedness, and by adding a prayer for an accounting.

At the trial the plaintiff proved a grant of the premises to him in 1849 and rested. The defendants rested after putting in evidence an instrument in writing, in form a deed of warranty, executed by Elze and in favor of Ohm and dated September 30, 1857. In rebuttal Elze then testified orally that the transaction was one of mortgage, notwithstanding the form of the instrument, and produced a written instrument, of even date with the other; an express promise to reconvey on

request and return of the money loaned within a year with interest. He testified to departing for South America soon after the transaction and being absent until October, 1863. Correspondence between the parties was introduced on both sides. Letters from Elze to Ohm of dates toward the end of the year given showed there was no prospect of a return of the loan, the writer conceding that all rights of his must expire immediately. Throughout nearly five years after that Ohm wrote to Elze frequently, but received no answer until in 1863 sometime he learned by chance that Elze was in the east and so addressed a letter to him at New York. In an answer to this letter Elze wrote, under date of June 3, 1863, "For the real estate formerly owned by me I can of course, advance no particular claim, for the time of the mutual contract is passed, on account of nonpayment, and therefore forfeited." Meantime Ohm had spent a great deal of money improving the property. There was much evidence introduced at the trial and the findings were for the defendant.

Zabriskie & Wright for appellant; Hastings & Taylor for respondents.

SAWYER, J.—We have examined the evidence in this case, and are satisfied with the finding of the court to the effect that the transaction between the plaintiff and defendant on the 30th of September, 1857, was designed to be an absolute sale, and not a mortgage.

The objection to allowing the amendment setting up the statute of limitations without imposing the terms insisted on by the plaintiff, conceding it to be valid for the purposes of the decision, became immaterial upon the view taken by the court on the main question of fact in the case. The evidence admitted under objection, if erroneously admitted, could not have influenced the findings of the court. The judgment and the order denying a new trial are affirmed.

We concur: Sanderson, C. J.; Shafter, J.; Currey, J.